**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| BILLY W. DUNLAP, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. |
| ) | |
| OCWEN LOAN SERVICING, LLC, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## NOTICE OF REMOVAL

Defendant Ocwen Loan Servicing, LLC ("Ocwen") respectfully notifies the Court pursuant to 28 U.S.C. §1441 that it has this day removed this action from the Court of Common Pleas of Montgomery County, Commonwealth of Pennsylvania, to this Court. In support of its removal, Ocwen submit this notice. Removal is based on the grounds that federal question jurisdiction exists over this action because it involves claims arising under federal law, and that diversity jurisdiction exists over this action because there is complete diversity between plaintiff and defendant and the amount in controversy exceeds $75,000.

### BACKGROUND

1. This action was originally filed in the Court of Common Pleas of Montgomery County, Commonwealth of Pennsylvania. A copy of the Complaint and all other documents filed in the common pleas court will be filed in accordance with applicable rules.

2. Ocwen has not been properly served, but received a copy of the complaint on or about January 27, 2012.

3. This removal is therefore timely because it has been filed within 30 days of service as required by 28 U.S.C. §1446(b).

4. There are no non-removing defendants, and thus no consents needed.

5. Plaintiff's Complaint alleges a variety of claims relating to his mortgage loan. This action is removable to federal court pursuant to 28 U.S.C. §1441 because it could have been filed originally in this Court pursuant to the federal question jurisdiction conferred by 28 U.S.C. §1331 or the diversity jurisdiction conferred by 28 U.S.C. §1332. Supplemental jurisdiction exists with respect to any remaining claims pursuant to 28 U.S.C. §1367.

### FEDERAL QUESTION JURISDICTION

6. Federal question jurisdiction exists over this removed action pursuant to 28 U.S.C. §1331, because Plaintiff asserts claims involving questions of federal law.

7. In his Complaint, Plaintiff alleges violations of federal statutes. Specifically, he alleges violations of the federal Real Estate Settlement Procedures Act ("RESPA") and Fair Debt Collection Practices Act ("FDCPA").

8. In these and other respects, the claims asserted in Plaintiff's Complaint present questions of federal law conferring federal subject-matter jurisdiction on this Court.

### DIVERSITY JURISDICTION

9. In addition, federal diversity jurisdiction exists over this removed action pursuant to 28 U.S.C. §1332 because all relevant parties are diverse and the amount in controversy exceeds $75,000.

10. There is diversity of citizenship among all relevant parties. Plaintiff is a citizen of Pennsylvania according to his complaint.

11. Defendant Ocwen is a citizen of Florida. Ocwen Loan Servicing, LLC is a limited liability company. District courts in this Circuit that have reached the issue have held that for diversity purposes, an LLC is treated like a limited partnership, where citizenship is

deemed to be that of the members or partners. *See Pippett v. Waterford Dev., LLC*, 166 F. Supp. 2d 233, 236 (E.D. Pa. 2001); *Kalian at Poconos, LLC v. Saw Creek Estates Community Ass'n, Inc.*, 275 F. Supp. 2d 578, 586 (M.D. Pa. 2003). The sole member of Ocwen Loan Servicing, LLC is Ocwen Financial Corporation, a company with its principal place of business in Florida and thus a citizen of Florida.

12. Because plaintiff is a citizen of Pennsylvania and defendant is a citizen of Florida, there is complete diversity between plaintiff and defendant in this matter. *See* 28 U.S.C. §1332(a)(1).

13. Plaintiff's Complaint also meets the $75,000 amount-in-controversy requirement for diversity jurisdiction. *See* 28 U.S.C. §1332(a).

14. Plaintiff presents three Counts in his Complaint. In the first, Plaintiff seeks changes to his $300,000 mortgage and a deem current order, thus putting more than $300,000 at issue.

15. Plaintiff also seeks monetary damages. In Count I, Plaintiff seeks unspecified compensatory damages. In Count II, Plaintiff seeks unspecified compensatory damages, plus statutory damages. In Count III, Plaintiff seeks unspecified compensatory damages, plus statutory damages, plus emotional distress damages.

16. In addition, Plaintiff seeks entitlement to attorneys' fees. In this Circuit, attorneys' fees are included for the purpose of determining the amount in controversy. *See Suber v. Chrysler Corp.*, 104 F.3d 578, 585 (3rd Cir. 1997). Given Plaintiff's allegations, the likelihood of motion practice, Plaintiff's attorney fee claim is not insignificant. For these independent reasons, it is facially apparent from the Complaint that Plaintiff's claims exceed the jurisdictional threshold.

## **VENUE**

17. Venue for removal is proper in this district and division under 28 U.S.C. §1441(a) because this district and division embrace the Court of Common Pleas of Montgomery County, Commonwealth of Pennsylvania, the forum in which the removed action was pending.

## **NOTICE**

18. Ocwen is concurrently filing a copy of this Notice of Removal with the Clerk of the Court of Common Pleas of Montgomery County, Commonwealth of Pennsylvania, and providing a copy to Plaintiff's counsel.

February 17, 2012                                                          Respectfully Submitted:

*/s/ Linda A. Michler*
Linda A. Michler, Esquire
Pa. I. D. 53518
2400 Oxford Dr., #153
Bethel Park, PA  15102
(412) 854-4315
*Attorneys for Defendant Ocwen*